UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY KEVIN COLLINS,

    Petitioner,

v.   CASE NO. 6:11-cv-1868-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al..

    Respondents.

### ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 6). Petitioner filed a reply and an amended reply to the response (Doc. Nos. 9, 11).

Petitioner alleges that the trial court violated his right to due process by denying his motion to dismiss and motion for judgment of acquittal. For the following reasons, the petition is denied.

### I.   *Procedural History*

Petitioner was charged by information with grand theft. A jury trial was conducted, and the jury found Petitioner guilty as charged. The trial court sentenced Petitioner as a habitual felony offender to a seven-year term of imprisonment. Petitioner appealed, and

the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. The Fifth District Court of Appeal of Florida summarily denied the petition.

II. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case

> differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. Analysis

Petitioner asserts that the trial court erred by denying his motion to dismiss and motion for judgment of acquittal. In support of this claim, Petitioner argues that the evidence was not sufficient to establish beyond a reasonable doubt that he intended to steal the bicycle when he took it.

The standard of review in a federal habeas corpus proceeding when the claim is one of sufficiency of the evidence was articulated in *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson*, the Court concluded that when considering a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Johnson v. Alabama,* 256 F.3d 1156,

1172 (11th Cir. 2001). Federal courts may not reweigh the evidence. *Jackson*, 443 U.S. at 319. It is the duty of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts. *Id.*

Section 812.014(1) defines theft as knowingly obtaining or using, or endeavoring to obtain or to use, "the property of another with intent to, either temporarily or permanently . . . (a) Deprive the other person of a right to the property or a benefit from the property. (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property." Fla. Stat. § 812.014(1) (2012).

At trial, a law enforcement officer testified that he observed Petitioner take a bicycle belonging to the City of Daytona Beach from a public sidewalk. The bicycle, which had a backpack on the handlebars, had been placed in front of an open business as part of a crime suppression operation. The law enforcement officer testified that Petitioner walked past the bicycle, returned back to it, looked around his surroundings, got on the bicycle, and rode away. Petitioner testified that he did not intend to steal the bicycle but instead believed the bicycle was abandoned so he intended to take the bicycle to the store to purchase some beer. Petitioner further maintained that he intended to return the bicycle.

Viewing the evidence in the light most favorable to the State, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Petitioner intended to take a bicycle which did not belong to him to, either temporarily or permanently deprive the owner of the bicycle of it. Although Petitioner maintained he thought the bicycle was abandoned, the jury could have concluded that the evidence established Petitioner took the bicycle with the intent to steal it. Therefore, Petitioner has not demonstrated that the state

court's denial of his motion to dismiss or his motion for judgment of acquittal was contrary to, or an unreasonable application of, federal law. Accordingly, this claim is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the

Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Anthony Kevin Collins is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of December, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/18
Counsel of Record
Anthony Kevin Collins